**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

---

**CARLOS JACOB AUTRY,**

**Plaintiff,**

**v.** **No. 1:26-cv-01261-STA-jay**

**UNITED STATES,**

**Defendant.**

---

## REPORT AND RECOMMENDATION

---

On October 5, 2026, Plaintiff Carlos Jacob Autry, proceeding *pro se*, brought this action against the United States. (Docket Entry ["D.E."] 1). The Court is required to conduct a screening of this action because Plaintiff sought and received *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B). (D.E. 2, 7). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

I.

Autry, using a "Complaint for a Civil Case" form, brings this condemnation action against the United States pursuant to 28 U.S.C. § 71.1, 28 U.S.C. § 1358, and Tenn. Code Ann. § 29-16-123. (D.E. 1 at 3). In the Statement of Claim portion of his Complaint, Autry states:

> Plaintiff's private/personal property has been taken for use for defense and/or security and/or law enforcement purposes, including for software engineering/development, and the gathering/collecting of information/data for intelligence/law enforcement/operational or investigational purposed including use of Plaintiff's Google server/phone number(s) and email as an interception device, said taking/takings also constitute the taking of Plaintiff as a person. Properties taken include Plaintiff's Google account/Google Cloud Platform, Github Platform account, and Facebook/Meta account. Plaintiff has been notified of any formal

> eminent domain/condemnation proceedings, thus providing the right for Plaintiff to initiate inverse condemnation proceedings for any just compensation, liability, and damages as well as any interest owed to Plaintiff.

(*Id*. at 4).

In terms of the relief he seeks, Autry states:

> Plaintiff is seeking just compensation for use of properties as well as compensation for its use of Plaintiff as a person, any and all damages incurred by use of Plaintiff without having imitated or notified Plaintiff of any formal proceedings of said use which include invasion of privacy, defamation, loss of enjoyment of life, and pain and suffering as well as any interest accrued.

(*Id*. at 5).

II.

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* This Report and Recommendation constitutes the Court's screening.

*Pro se* pleadings are generally held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *Kremer v. Unilever, PLC*, No. 24-cv-01410, 2025 WL 2674556, at *6 (M.D. Tenn Sept. 18, 2025). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011); *Payne v. Sec'y of Treas.*, 73 F. App'x 836,

837 (6th Cir. 2003); *Wooden v. Lee*, No. 24-cv-01052, 2025 WL 2678796, at *5 (W.D. Tenn. Sept. 18, 2025).

The Complaint should be dismissed because Plaintiff's claims are frivolous. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A court may dismiss a complaint for lack of subject-matter jurisdiction when the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479–80 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)); *see also Smith v. Walbridge Constr.*, No. 1:23-cv-02108, 2023 WL 5827272, at *2 (W.D. Tenn. Aug. 21, 2023) (quoting *Bumpas v. Corr. Corp. of America*, No. 3:10-1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992))).

Autry's Complaint warrants dismissal. His Complaint contains no coherent factual allegations, cognizable legal theory, or connection to federal law sufficient to invoke this court's jurisdiction under 28 U.S.C. § 1331 or § 1332. The complaint is comprised entirely of allegations that lack any plausible basis in law or fact. The Sixth Circuit has repeatedly affirmed dismissal of similar actions under *Apple v. Glenn* when a complaint is so insubstantial that it fails to invoke federal jurisdiction. Accordingly, dismissal under *Apple v. Glenn* is appropriate.

III.

Based on the above, the undersigned recommends that Plaintiff Carlos Jacob Autry's Complaint be **DISMISSED** for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted, this the 7th day of October, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**